UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Joseph Montaldo,                                                                    Docket No.: 21-cv-01272
                                                                                                        (JMA) (ARL)
                      Plaintiffs,

        -against-                                                                 **ANSWER**

The County of Suffolk,

                      Defendant.
------------------------------------------------------------------------X

      Defendant THE COUNTY OF SUFFOLK, by its attorney, Dennis M. Cohen, Suffolk County Attorney, by Hope Senzer Gabor, Assistant County Attorney, answering the Plaintiff's Complaint ("Complaint"), states as follows:

      1.  Denies each and every allegation contained in Paragraph 1 of the Complaint, except admits that Plaintiffs purport to proceed under the statutes cited therein.

      2.  Denies each and every allegation contained in Paragraph 2 of the Complaint, except admits that Plaintiffs purport to proceed under the statutes cited therein.

      3.  Denies each and every allegation contained in Paragraph 3 of the Complaint, except admits that Plaintiffs purports to proceed under the statutes cited therein.

      4.  Denies each and every allegation contained in Paragraph 4 of the Complaint, except admits that Plaintiffs purport to proceed under the statutes cited therein.

      5.  Denies each and every allegation contained in Paragraph 5 of the Complaint, except admits that Plaintiffs purport to proceed under the statutes cited therein.

      6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint

8. Admits the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint characterizes statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

10. The allegations contained in Paragraph 10 of the Complaint characterizes statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

11. The allegations contained in Paragraph 11 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Admits the allegations contained in Paragraph 13 of the Complaint.

14. Admits the allegations contained in Paragraph 14 of the Complaint.

15. Admits the allegations contained in Paragraph 15 of the Complaint, except denies that the Public Safety Dispatchers dispatch rescue units.

16. Admits the allegations contained in Paragraph 16 of the Complaint, except denies that the Public Safety Dispatchers dispatch rescue units.

17. Admits the allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint, except admits that a mandate consists of an additional 4 hours of work either before or after the 911 Employee's tour of duty.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained on Paragraph 25 of the Complaint.

26. Admits the allegations contained in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint characterize the legal action being brought and as such, Defendant makes no answer save to deny any conduct giving rise to any cause of action thereunder.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

28. Answering the Paragraph numbered 28 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth herein.

29. The allegations contained in Paragraph 29 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denies the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION**

36. Answering the Paragraph numbered 36 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth herein.

37. The allegations contained in Paragraph 37 of the Complaint characterize statute,

law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

43. Answering the Paragraph numbered 43 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth herein.

44. The allegations contained in Paragraph 44 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

47. The allegations contained in Paragraph 47 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

**AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION**

49. Answering the Paragraph numbered 49 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth herein.

50. The allegations contained in Paragraph 50 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and to deny any conduct giving rise to any cause of action hereunder.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the

6

allegations contained in Paragraph 52 of the Complaint.

53. Denies the allegations contained in Paragraph 53 of the Complaint.

**AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION**

54. Answering the Paragraph numbered 54 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth herein.

55. The allegations contained in Paragraph 55 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

56.  The allegations contained in Paragraph 56 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

57. The allegations contained in Paragraph 57 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

58. The allegations contained in Paragraph 58 of the Complaint characterize statute,

law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Denies allegations contained in Paragraph 61 of the Complaint.

62. Denies allegations contained in Paragraph 62 of the Complaint.

63. Denies allegations contained in Paragraph 63 of the Complaint.

## **AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION**

64. Answering the Paragraph numbered 64 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth herein.

65. The allegations contained in Paragraph 65 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph or its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

66. The allegations contained in Paragraph 66 of the Complaint characterize statute, law, rule, regulation or ordinance and as such the answering Defendant is not required to make a response except to respectfully refer to the Court to the entire section referenced in the paragraph

for its content and leave to the Court its interpretation and applicability, if any and denies any conduct giving rise to any cause of action hereunder.

67. Denies allegations contained in Paragraph 67 of the Complaint.

### AS AND FOR A RESPONSE TO THE PRAYER FOR RELIEF

68. The allegations contained in the "WHEREFORE" clause of the Complaint set forth a request for relief and to the extent that a response is required, those allegations are denied.

### AS AND FOR A RESPONSE TO THE JURY DEMAND

69. The allegations contained in paragraph listed under "JURY DEMAND" of the Complaint set forth a request for relief and to the extent that a response is required, those allegations are denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70. That the damages sustained by Plaintiffs, if any, were caused by the Plaintiffs' own culpable and/or negligent conduct.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by Defendant or otherwise ratified by Defendant authorized a deprivation of Plaintiffs' constitutional rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73. That no custom or usage adopted, followed, endorsed or ratified by Defendant authorized a deprivation of Plaintiffs' constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. That municipal Defendant is not liable for punitive damage awards.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76. That Plaintiffs are guilty of laches and are therefore barred from maintaining this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77. The Defendant's actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78. That the substance of any communications, if any, made by the Defendant and/or its agents are and were true.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79. That the Defendant, at all times complained of, acted reasonably and in good faith in the discharge of its official duties and responsibilities.

80. The Defendant at all times acted in good faith in that it reasonably believed that it was exercising and acting within its statutory authority.

81. That in performing such duties and responsibilities, Defendant is and was protected by absolute and/or qualified Federal and/or State immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

82. That the substance of any communications, if any made by Defendant and/or its agents are and were absolutely privileged.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

83. That the Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

84. That Plaintiffs' claims, if any, are barred in whole or in part by the Statute of Limitations.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

85. That Plaintiffs have previously waived their rights and/or claims sought to be asserted here, and are therefore estopped from maintaining this action.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

86. Any and all actions taken were based on legitimate non-discriminatory reasons.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

87. Plaintiffs' claims are barred in whole or in part by failure to exhaust administrative remedies as the condition precedent to commencement of this action.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

88. The Complaint is barred in whole or in part to the extent that it relies upon, or refers to claims, not asserted in the Complaint of Discrimination.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

89. Upon information and belief, Plaintiffs failed to mitigate damages, if any exist, as required under the law.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

90. At all relevant times herein, Plaintiffs were employees at will.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

91. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

92. Any damages or loss sustained by Plaintiffs were caused solely by the culpable conduct on the part of Plaintiffs.

93. Plaintiffs are therefore not entitled to recover.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

94. Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

95. Defendant had a legitimate business reason for each and every employment decision and action taken.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

96. Absent any improper motive of disability discrimination, Defendant would have taken exactly the same action.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

97. Defendant did not perceive that Plaintiffs suffered from a disability.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

98. Plaintiffs' claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

99. That this Court lacks subject matter jurisdiction.

**WHEREFORE,** the Defendant demands judgment dismissing the Complaint in its entirety, with prejudice, together with costs, fees, (including reasonable attorneys' fees) and disbursements incurred in defending this action and such other and further relief as the Court deems just and proper.

Dated: Hauppauge, New York
April 9, 2021

>			DENNIS M. COHEN
>			Suffolk County Attorney
>			*Attorney for Defendant*
>			100 Veterans Memorial Highway
>			Hauppauge, New York 11788-0099
>			631-853-5822
>
>			*Hope Senzer Gabor*
>	By:		Hope Senzer Gabor
>			Assistant County Attorney

To: Steven John Moser
MOSER LAW FIRM, P.C.
*Attorneys for Plaintiff*
5 E. Main Street
Huntington, New York 11743

Via ECF